22164

SCHOOL DISTRICT NUMBER FIVE OF ANDERSON COUNTY, SOUTH CAROLINA, Respondent, v. SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Appellant.

(320 S. E. (2d) 451)

Supreme Court

*Reddick A. Bowman, Jr.* and *Jon Mersereau,* of *S. C. Department of Social Services,* Columbia, *for appellant.*

*Jack F. McIntosh,* of *McIntosh, Threlkeld, Glenn & Sherard,* Anderson, *for respondent.*

Heard May 9, 1984.

Decided Sept. 10, 1984.

LITTLEJOHN, Chief Justice:

At issue in this appeal is whether School District Number Five of Anderson County is obligated to repay the South Carolina Department of Social Services the sum of $14,517. The dispute arises over the construction of a contract whereby the Department agreed to provide funds to the School District for day care services for school children in the District. There are twenty schools in the District of which one is Perry.

The issue was first tried before an administrative board called The Fair Hearing Committee. It determined that the School District had been over paid and ordered the District to reimburse the Department. This administrative determination was appealed to the Court of Common Pleas of Anderson County. The circuit judge, holding that the Committee's determination was not sustained by substantial evidence, re-

versed the Committee. It is from this ruling of the Circuit Court that the appeal is submitted. We reverse.

Under the terms of the contract, the School District submitted a claim for reimbursement basically for payment of meals. The District is supplied (1) with funds by grants received by the federal government under Title IV-A and XX of the Social Security Act; (2) with funds from the Appalachian Regional Council; (3) with funds collected as fees for day care services; (4) with funds collected from children in the project; and (5) with funds from the United States Department of Agriculture paid as flat-fee per meal payments.

As a result of an audit made by the Department, it was determined that the Perry School had shown a profit and that it had received from various sources more money than it had expended for meals. This was largely because the children at Perry School are young and consume less food than the older children in the other schools.

The judge correctly held in his order, and it is not disputed, as follows:

> Certainly, the Committee was correct in determining that Respondent is permitted to offset or reduce its reimbursements to an agency electing to purchase services under the Social Security Act by applicable credits, including federal funds received by or available from sources other than the grant program financing its operation. *See* 45 C.F.R. Part 74, app. C. Sec. C(3)(a), (b).

We think, however, that he erred when he continued by saying:

> If, however, the agency does not apply all of the funds received from another source to the cost of services funded by the Social Security Act and properly applies them elsewhere, the funding body, here Respondent, [Department] cannot deduct those, not applied to reduce program costs, as applicable credits.

We are of the opinion that the judge erroneously treated the issues as disputed ones of fact in applying the substantial evidence rule. The question is solely one of law and the circuit judge erred in not so holding.

The order of the lower Court is

Reversed.

NESS, GREGORY and HARWELL, JJ., concur.

CURETON, Acting Justice (concurring):

I concur in the court's opinion, but would supplement it. School District Number Five receives monies from the United States Department of Agriculture (USDA) to operate a food service program in the twenty schools in the district. The school district also contracted with DSS to provide a day care program for the district at Perry school and at least one other school. Pursuant to the contract, DSS would pay for all non-food costs of the day care program. The food costs incident to the day care program would be borne by the USDA. Since the day care funds were federal funds, the parties' contract was governed by appropriate federal regulations including 45 C.F.R., Part 74, Appendix C, Sec. (3) (1976).

The school district received USDA funds for meals for the children in the day care program at Perry. It did not expend all the USDA funds for the meals. DSS therefore argues that under the regulation, it is entitled to credit the excess USDA funds against its total obligation to the school district for operation of the day care program. The school district maintains that the USDA funds are given for the district-wide food program and Perry's excess of food funds can be applied to a deficit of food funds at another school in the district. The issue, then, is the interpretation of 45 C.F.R., Part 74, Appendix C(3) which reads in pertinent part:

> b. Applicable credits may also arise when Federal funds are received or are available from sources other than the grant program involved to finance operations or capital items of the grantee. This includes costs arising from the use or depreciation of items donated or financed by the Federal Government to fulfill matching requirements under another grant program. These types of credits should likewise be used to reduce related expenditures in determining the rates or amounts applicable to a given grant.

Although the trial judge denominated his ruling as a finding that the agency decision was not supported by substantial evidence, he apparently interpreted the regulation as precluding DSS from deducting the excess funds from the USDA meal program at Perry if the school district expended the funds for meals at other schools in the district. It seems to me, it is this legal conclusion of the trial judge to which we should respond rather than his denomination of his ruling as one of fact.

It is my opinion that the trial judge's interpretation of the regulation is not supported by the plain meaning of 45 C.F.R., Part 74, Appendix C, Sec. C(3)(a) or (b). Therefore, I concur in the reversal of his order.